IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

TERI WOODS PUBLISHING, LLC
 4525 Sansom Street                              :   Civil No. _____
 Phila PA 19139
                Plaintiff,                           JURY TRIAL DEMANDED
     vs.

IMANI ENTERTAINMENT GROUP, INC.    :
1901 Avenue of the Stars
Suite 935                                            AND
Los Angeles CA 90078         AND

IMANI HALLEY, a/k/a MANNY HALLEY
1901 Avenue of the Stars
Suite 935
Los Angeles, CA 90078
                AND

YOLANDA HALLEY
c/o House of Macau
1600 Vine St.
Los Angeles, CA 90028

                Defendants.
_____

**CIVIL COMPLAINT**

A. Jurisdiction and Venue

    1.  Jurisdiction over this matter is conferred upon this court based upon the United States Copyright Act, as amended, to wit, Title 17 of the United States Code.

    2. Venue is proper based upon applicable statute.

B. The Parties

    3.  Plaintiff  TERI WOODS PUBLISHING, LLC  ("TWP") is a domestic limited liability

1

company doing business within this District at the address as indicated above; plaintiff TWP is in the book publishing business.

4. Defendant IMANI ENTERTAINMENT GROUP, INC. ("IMANI") is a domestic corporation doing business throughout the United States and within this District, with its principal office located at the address as indicated above; Defendant IMANI is in the entertainment business in capacity, inter alia, of production and executive production.

5. Defendant IMANI HALLEY a/k/a MANNY HALLEY ("MANNY") is a private adult individual and upon information and belief a citizen of the State of California, with his principal office at the address as indicated above; defendant MANNY is a principal of co-defendant company IMANI.

6. Defendant YOLANDA HALLEY ("YOLANDA") is a private adult individual and upon information and belief a citizen of the State of California, with her principal office at the address as indicated above; defendant YOLANDA is also a principal of co-defendant company IMANI.

7. At all times material hereto, defendants acted individually on their own respective behalves, and through their agents, servants, employees, representatives and the like, acting within their course of employment and scope of duties.

C. Factual Allegations

8. Plaintiff TWP is the copyright holder of the literary work known as "DUTCH"; the formal copyright application filed by TWP with the Library of Congress resulted in the registration of the copyright for DUTCH on February 8, 2005. A copy of said registration is attached hereto as Exhibit A and incorporated by reference as though fully set forth herein and

Παγε 3

made a part hereof.

9. Subsequent to February 8, 2005, plaintiff rightfully commercially exploited its copyright of and to DUTCH; by way of example, plaintiff sold books based upon its rightful copyright interest.

10. During or about 2007 plaintiff learned that certain individuals – James Teague, Kwame Jamal Teage, and LasShonda Teague- were engaged in a conspiracy to commit copyright infringement against plaintiff in regard to plaintiff's lawful copyright in and to "DUTCH"; as a result of said infringement plaintiff was compelled to initiate a civil action in Superior Court, Essex County, N.J., to obtain injunctive relief to stop the infringement.

11. This N.J. state court litigation concluded vis a vis "Settlement Order and Consent Decree" signed on October 9, 2008 and approved by the Court after hearing with notice. A copy of the "Settlement Order and Consent Decree" is attached hereto as Exhibit B and incorporated by reference as though fully set forth herein and made a part hereof.

12. Under the terms of said Order, it is clear and unequivocal that plaintiff TWP is the copyright holder and sole owner of all rights pertaining to "DUTCH". See Exhibit B, attached, Parags. 5, 6 et al. These rights include "adaptation rights", i.e., the right to adapt the "book" for other media formats such as television, theater, film (motion picture), etc. Id.

13. Accordingly, as sole and lawful copyright holder, no person or entity other than plaintiff TWP has the right to adapt "DUTCH' whatsoever, including film (motion picture).

Παγε 4

## COUNT ONE:  VIOLATION OF COPYRIGHT ACT AS AMENDED

## TITLE 17, UNITED STATE CODE

## (AGAINST ALL DEFENDANTS)

14. Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein and made a part hereof.

15.  Defendants have acted in concert with each other to commence production of a film based upon the book, "DUTCH", without the consent of plaintiff.

16.  Defendants' production of the film based upon "DUTCH" is violative of the United States Copyright Act as amended, to wit, Title 17 of the United States Code.

17.   In order to commence production of a film based upon, "DUTCH", defendants falsely held themselves out as the rightful owners of the film rights to "DUTCH", in violation of the Copyright Act, as amended; these misrepresentations are implicit as defendants prepared synopses, treatments, scripts, business offerings,  proposed film financing documents, and other written and/or oral communications wherein defendants implicitly or expressly held themselves out as the owners of the adaptation rights to "DUTCH".

18. Defendants are liable to plaintiff for copyright infringement under Title 17 of the United States Code, as amended.

19.  As a victim of infringement, plaintiff is entitled to either:

a) statutory damages as defined by the statute; or,

b) actual damages.

Παγε 5

20. As defendants' actions have been secretive and concealed from plaintiff, plaintiff shall require discovery in order to determine the sum of actual damages incurred.

WHEREFORE, on Count One, plaintiff TWP demands judgment in its favor, and against all defendants, jointly and severally as follows:

EITHER:

A) Statutory damages for a sum as determined by the trier of fact; or

B) Actual damages as determined by the trier or fact; AND,

C) Reasonable counsel fees plus litigation expenses; and,

D) Such other relief as this Court may deem proper.

## COUNT TWO: DECLARATORY RELIEF

21. Paragraphs 1 through 20 are incorporated by reference as though fully set forth herein and made a part hereof.

22. Plaintiff seeks equitable relief of this Court to halt irreparable injury to plaintiff.

23. Plaintiff seeks a Court Order declaring that defendants have no right to adapt "DUTCH" for any ancillary use whatsoever, in light of plaintiff TWP's sole ownership of the copyright and accompanying publishing rights (including film/motion picture rights) to "DUTCH".

24. Plaintiff further seeks a permanent .permanent injunction to permanently halt defendants' actions (or omissions) in regard to its intended ancillary usages of "DUTCH" in any manner, to avoid irreparable harm to plaintiff.

25.  Plaintiff is entitled to such injunctive relief under the law because it is in danger of imminent irreparable harm, it is likely to succeed on the merits, and plaintiff has no adequate remedy at law to preserve the sanctity of its intellectual **properties** (plural) all bound within its registered copyright, inclusive but not limited to:

a)  All rights to "DUTCH" the book "en toto";

b)  The copyright and underlying publishing rights thereto;

c)  All rights to the underlying characters, scenes, etc. embodied therein;

d)  All adaptation rights, <u>inter alia</u>.

WHEREFORE, on Count Two, plaintiff TWP demands judgment in its favor and against all defendants, jointly and severally, as follows:

A) For Declaratory Relief Ordering that defendants have engaged in unlawful copyright infringement, and barring defendants from any and all further infringement;

B) For this Court's issuance of a permanent injunction, Ordering defendants' to permanently halt any actions or conduct in regard to commercially exploiting, and/or attempting to commercially exploit, in any manner, "DUTCH", absent express prior written consent from plaintiff TWP;

C) For a mandatory injunction requiring defendants to turnover any and all writings and film footage, computer/digital files, (including flash drives/thumb drivers) in their actual or constructive possession, created by defendants or by third parties, pertaining to "DUTCH",

Παγε 7

absent express prior written consent from plaintiff TWP;

    D) For reasonable counsel fees and costs;

    E) For such other relief as this Court may deem proper.

Dated: August 12, 2016                    Respectfully submitted,

                                            Law Office of Simon Rosen

                                            By: Simon Rosen, Esq. (#6279)
                                            Counsel for Plaintiff

                                            Attorney ID NO. 38603
                                            2019 Walnut Street
                                            Philadelphia, PA 19103
                                            (215)564-0212
                                            SimonOnKey@aol.com